Mr. Justice Walker delivered the opinion of the Court. This is an action of debt, to which the defendant plead the statute of limitations. The plaintiff replied a former action commenced within the statute bar, a non-suit, and' a second action within twelve months thereafter. To this replication, the defendant interposed five rejoinders, which, although defective, as issue was taken upon them, will be considered as a rejoinder of nul tiel record; for, although they were intended to put in issue distinct facts, which could alone be evidenced by the record, the whole of them present no other question than must arise under nul ticl record. To sustain the issue on her part, the plaintiff offered in evidence a note, a writ, a petition in debt, and a record entry of judgment of non suit in vacation: which evidence was objected to by the defendant, and on his motion excluded by the court. The note, writ and petition literally correspond with and sustain the pleading, with the single exception that the first suit which was discontinued, was commenced against all of the makers of the note, whilst the present suit was commenced against one of them alone. This can make no possible difference. The question was whether a former suit had been commenced against the same party defendant in the first and second suit. . The record proved this. It was not ihe foundation of a suit where other parties in interest were disclosed, but a link in the chain of evidence to defeat the statute bar. The rule with regard to variance in cases where the record is the foundation of the action, is very different from that where it comes in collaterally as evidence. State Bank v. Magness et al., 6 Eng. Rep. 344. The variance between the petition and the writ in the description of the cause of action, amounted to nothing. Even admit the variance to have been ground for quashing the writ, still it was sufficient evidence in connexion with the petition to establish the commencement of the first suit. State Bank v. Sherrill, 6 Eng. Rep. 336. The statute authorized the clerk to enter judgment of non-suit upon payment of cost. The record was competent evidence, and should have been admitted in evidence. The judgment of the circuit court must be reversed, and the cause remanded, to be proceeded in according to law, and not inconsistent with the ppinion herein delivered.